# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1313
Lower Tribunal No. 23-20362-FC-04

_____

**Shary Ask,**
Appellant,

vs.

**Farhad Askarian,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Gulisano Law, PLLC, and Michael Gulisano (Boca Raton), for appellant.

Fischler, Friedman & Bennett, P.A., and Howard Steven Friedman (Fort Lauderdale), for appellee.

Before LOGUE, LINDSEY and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion."); Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) ("We agree that the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances.  A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.") (internal citations omitted); Burnette v. Grove Isle Club, Inc., 710 So. 2d 80 (Fla. 3d DCA 1998) ("Given the clear record evidence of the appellant's repeated failure to comply or inadequate compliance with numerous discovery orders after warning, we cannot find that the lower court abused its discretion in striking the appellant's pleadings after it found that the noncompliance with these orders was willful.").